**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL A. MINEFEE | ) | CASE NO.: 10-11025 |
| | ) | |
| _____Debtor(s)_____ | ) | |
| | ) | |
| PAUL A. MINEFEE | ) | AP NO.: 10-01029 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EVELYN KATHRYN PERSCHKA-MARION | ) | |
| | ) | |
| _____Defendant(s)_____ | ) | |

---

**MEMORANDUM-OPINION**

---

This matter is before the Court on the Motion for Summary Judgment of Plaintiff/Debtor Paul A. Minefee.  The Court reviewed the Plaintiff's Motion for Summary Judgment and the Response of Defendant Evelyn Kathryn Perschka-Marion.  There being no genuine issues of material fact and Plaintiff being entitled to Summary Judgment as a matter of law, the Court will enter Judgment in his favor on his Complaint.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff filed his Bankruptcy Petition on June 29, 2010.  In the 90-day period immediately prior to the filing of the Petition, Defendant garnished Plaintiff's wages in the amount of $2,082. The garnishment was based on an antecedent debt.  At the time of the transfer, the Plaintiff was

insolvent.  Plaintiff claimed the amount garnished exempt under 11 U.S.C. §522(d)(5).  The Trustee did not object to the exemption.  By receiving the garnished wages, the Defendant received more than any other creditor in the Chapter 7 bankruptcy.

## LEGAL ANALYSIS

Preferences may be avoided under 11 U.S.C. §547 when a transfer of the debtor's property is made for the benefit of a creditor, for or on account of an antecedent debt, owed by the Debtor before the transfer was made and the transfer's aggregate value exceeds $600, the debtor is insolvent at the time of the transfer and is made within 90 days of the date of the filing of the bankruptcy petition.  All of these factors were admitted by the Defendant, except Defendant claims the Plaintiff was not insolvent at the time of the transfer.

In support of the defense that Plaintiff was not insolvent at the time of the transfers, Defendant filed the Affidavit of Tye Dion Angel.  In that Affidavit Angel claims to have personal knowledge that the Debtor spends his money on illegal drugs.  It contains nothing more than irrelevant, scandalous allegations.  None of the information set forth in the Affidavit is relevant as to whether the Plaintiff was solvent within the 90 days prior to the date of the filing of the Petition. The Plaintiff's Schedules to his Petition show that he was insolvent.  Furthermore, the law creates a rebuttable presumption that the Debtor is insolvent in the 90 days prior to the date of the Petition. See, 11 U.S.C. §547(f); In re Wallace Bookstores, Inc., 316 B.R. 254 (Bankr. E.D. Ky. 2004).  The Defendant has done nothing to rebut this presumption.

Defendant claims to need additional time to respond to the Motion for Summary Judgment based upon her Motion to Answer Certified Questions put to the Plaintiff in a 2004 Examination. The Court reviewed the Defendant's Motion and the Certified Questions and finds that none of the

questions are relevant to the issues before the Court and the Motion for Summary Judgment. Accordingly, the Motion to Answer Certified Questions and Motion to Continue Response Deadline to Summary Judgment Motion is **DENIED** and the Debtor's Motion for Summary Judgment is **GRANTED**.

<u>**CONCLUSION**</u>

For all of the above reasons, it is clear to the Court that there are no genuine issues of material fact and the Plaintiff is entitled to Judgment on his Complaint in his favor as a matter of law pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A Judgment incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 10, 2011

-3-

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                )
                                      )
PAUL A. MINEFEE                       )          CASE NO.: 10-11025
                                      )
_____Debtor(s)_____   )
                                      )
PAUL A. MINEFEE                       )          AP NO.: 10-01029
                                      )
                      Plaintiff(s)    )
                                      )
vs.                                   )
                                      )
EVELYN KATHRYN PERSCHKA-MARION        )
                                      )
_____Defendant(s)_____   )

---

### JUDGMENT

---

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Plaintiff/Debtor Paul A. Minefee is entitled to Judgment as a matter of law as there are no genuine issues of material fact.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Evelyn K. Perschka-Marion shall immediately return to the Trustee of the Debtor's estate all funds seized from

the Debtor within 90 days from the date of the filing of the Bankruptcy Petition pursuant to 11
U.S.C. §522(d)(5) and 11 U.S.C. §547.

      This is a final and appealable Judgment.  There is no just reason for delay.

_____

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 10, 2011

-2-